UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
PIKEVILLE

Eastern District of Kentucky
FILED
JAN 27 2022
AT LONDON
ROBERT R. CARR
CLERK U.S. DISTRICT COURT

UNITED STATES OF AMERICA

V.                         INDICTMENT NO. 7:20-CR-22-S-REW-EBA

ROBERT PRESTON

\* \* \* \* \*

**THE GRAND JURY CHARGES:**

### COUNT 1
### 18 U.S.C. § 2251(a)

From in or about August 2016, and continuing through in or about July 2017, in Pike County, in the Eastern District of Kentucky,

**ROBERT PRESTON**

did knowingly employ, use, persuade, induce, entice, and coerce a minor to engage in sexually explicit conduct for the purpose of producing visual depictions of such conduct, knowing and having reason to know that such visual depictions would be transported using any means and facility of interstate and foreign commerce, all in violation of 18 U.S.C. § 2251(a).

### COUNT 2
### 18 U.S.C. § 2252(a)(4)(B)

On or about October 9, 2020, in Pike County, in the Eastern District of Kentucky,

**ROBERT PRESTON**

knowingly possessed one or more matters, that is, electronic storage media, which contained visual depictions that had been shipped and transported using any means and facility of interstate and foreign commerce and in or affecting interstate commerce, and which were produced using materials that had been mailed, shipped and transported by any means, including by computer, the production of which involved the use of a pre-pubescent minor or a minor who had not attained 12 years of age engaging in sexually explicit conduct, and which visual depictions were of such conduct, all in violation of 18 U.S.C. § 2252(a)(4)(B).

## COUNT 3
## 18 U.S.C. § 2261A(2)(B)

From in or about February of 2019, the exact date unknown, and continuing through in or about March of 2019, the exact date unknown, in Pike County, in the Eastern District of Kentucky,

**ROBERT PRESTON**

with the intent to injure, harass, and intimidate a person, to wit: Victim 1, used an electronic communication system and service and a facility of interstate and foreign commerce, specifically, Snapchat, and the internet, to engage in a course of conduct that caused, attempted to cause, and would be reasonably expected to cause, substantial emotional distress to Victim 1, all in violation of 18 U.S.C. § 2261A(2)(B).

## FORFEITURE ALLEGATION
### 18 U.S.C. § 2253

By virtue of the commission of the offense alleged in this Indictment, any and all interest **ROBERT PRESTON** has in all electronic items used in the crime, including, but not limited to, the following property:

1. Dell Laptop with charger, serial number CGRBKT2;
2. Xbox One S, serial number 062657262748;
3. Seagate Portable Drive, serial number NA7YMQ3C;
4. IBUYPOWER computer tower, serial number 7184-293A-D4DE-0584-47;
5. Black Motorola cell phone with no visible serial number or identifying numbers or markings seized from the person of **ROBERT PRESTON**; and
6. All software and peripherals which are contained on or associated with the listed computers,

is vested in the United States and hereby forfeited to the United States pursuant to 18 U.S.C. § 2253.

TRUE BILL

███████████████████████

FOREPERSON

*[signature]* for
CARLTON S. SHIER, IV
UNITED STATES ATTORNEY

## PENALTIES

**COUNT 1:** Not less than 15 years imprisonment and not more than 30 years imprisonment, not more than a $250,000 fine, and supervised release for not less than 5 years nor more than life.

**COUNT 2:** Not more than 20 years imprisonment, not more than a $250,000 fine, and supervised release for not less than 5 years nor more than life.

**COUNT 3:** Not more than 5 years imprisonment, not more than a $250,000 fine, and supervised release for not more than 3 years.

**PLUS:** Forfeiture of all listed property.

**PLUS:** Mandatory special assessment of $100 per count.

Additional mandatory special assessment of $5,000 per count, pursuant to 18 U.S.C. § 3014, for non-indigent Defendants convicted of certain offenses, including those in chapter 110.

Pursuant to 18 U.S.C. §2259A, per count of no more than:

(1) $17,000.00 if convicted of 18 U.S.C. §2252(a)(4) or §2252A(a)(5);

(2) $35,000.00 if convicted of any other trafficking in child pornography offense as defined by §2259(c)(3), which includes offenses under 18 U.S.C. §§2251(d), 2252(a)(1) through (3), 2252A(a)(1) through (4), 2252A(g) (in cases in which the series of felony violations exclusively involves violations of sections 2251(d), 2252, 2252A(a)(1) through (5), or 2260(b)), or 2260(b);

(3) $50,000.00 if convicted of child pornography production as defined by 18 U.S.C. §2259(c)(1), which includes offenses under 18 U.S.C. §2251(a) through (c), 2251A, 2252A(g) (in cases in which the series of felony violations involves at least 1 of the violations listed in this subsection), 2260(a) or any offense under chapter 109A or chapter 117 that involved the production of child pornography (as such term is defined in section 2256).

**PLUS:**   Restitution, if applicable. Mandatory restitution under 18 U.S.C. § 2259 that, for any conviction of an offense described in paragraphs (E)(1) or (2), is not less than $3,000.00 per victim.